UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACI M. GEORGIADIS, *et al.*, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL NO. 1:11-CV-00964 |
| | : | |
| CUMBERLAND COUNTY by and | : | (Judge Caldwell) |
| through its Agents, CHIEF COUNTY | : | |
| DETECTIVE LES FREEHLING and | : | |
| FIRST ASSISTANT DISTRICT | : | |
| ATTORNEY JAMIE M. KEATING, | : | |
| Defendants. | : | |

M E M O R A N D U M

I. *Introduction*

We are considering Defendants' motion for summary judgment. Plaintiff, Traci Georgiadis, filed this civil-rights action claiming that Defendants violated several of her federal and state constitutional rights in arresting and prosecuting her on a state sexual offense.[1] Defendants are Jamie M. Keating, the first assistant district attorney in Cumberland County, Pennsylvania, and Les Freehling, the County's chief detective. Plaintiff essentially alleges the investigation leading to her prosecution was improper because Defendants failed to take into account the complaining witness's history of making false charges, including false charges of sexual conduct. She seeks only damages.

---

[1] Plaintiff had counsel when she started this action but now proceeds pro se.

II.   *Standard of Review*

Fed. R. Civ. P. 56 governs the grant of summary judgment.  The moving party is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a). "'Material facts are those that could affect the outcome of the proceeding, and a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'"  *Roth v. Norfalco LLC*, 651 F.3d 367, 373 (3d Cir. 2011)(quoting *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011)(internal quotation marks omitted).

In pertinent part, parties moving for, or opposing, summary judgment must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  "The non-moving party cannot rest on mere pleadings or allegations," *El v. Southeastern Pennsylvania Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007), but "must set forth specific facts showing that there is a genuine issue for trial."  *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001).  We "must view all evidence and draw all inferences in the light most favorable to the non-moving party" and we will only grant the motion "if no reasonable juror could find for the non-movant."  *Lawrence v. City of Phila.*, 527 F.3d 299, 310 (3d Cir. 2008).

2

When a non-moving party fails to file a separate statement of material facts controverting the statements filed by the moving party, under Local Rule 56.1, we will deem admitted all material facts set forth in the moving party's statement of material facts. *See Smith v. Addy*, 343 F. App'x 806, 808 (3d Cir. 2009)(nonprecedential)(citing M.D. Pa. Local Rule 56.1).

III.  *Background*

The following is the background to this case, based on the summary judgment record.  Defendant Freehling investigated the charges against Plaintiff.  (Doc. 32-2, ECF p. 2).  He interviewed the complaining witness.  (*Id.*, ECF p. 3).  The complaining witness, a minor, stated that, on multiple occasions, she was forced to perform sexual acts on Plaintiff.  (*Id.*, ECF p. 7).  Also, Plaintiff supposedly offered to sell marijuana and cocaine to the witness.  (*Id.*, ECF p. 8).

Defendant Freehling provided an affidavit of probable cause in order to obtain arrest and search warrants for Plaintiff, and other persons the witness charged with crimes against her.  (Doc. 32-3, ECF p. Ex. C).  These affidavits were approved by Defendant Keating, in accordance with policy.  (Doc. 28, Defendants' Statement of Undisputed Material Facts (DSMF) ¶¶ 7-10).  "ADA Keating and Det. Freehling discussed all of the relevant information uncovered to date, which included the [complaining witness's] credibility given she had admittedly previously used drugs, ran away from home and endured various emotional issues."  (*Id.* ¶ 8).  "Prior to concluding that there was ample probable cause to charge the three accused, ADA Keating

considered and took the totality of facts and information into consideration including, but not limited to, [the complaining witness's] background." (*Id.* ¶ 9).

Based on the criminal complaint and affidavit of probable cause, a Pennsylvania magisterial district judge issued an arrest warrant for Plaintiff. (Doc. 32-6, ECF p. 2). The magisterial district judge also approved a search warrant for Plaintiff's house. (Doc. 32-7, ECF p. 12).

In July 2006, a preliminary hearing was held. Plaintiff (and her co-defendants) were represented by counsel. The court held that probable cause existed, and the charges were bound over for trial in the Court of Common Pleas of Cumberland County. (Doc. 28, DSMF ¶ 16).

Trial began in May 2009. (*Id.* ¶ 17). The complaining witness took the stand, but "broke down into tears and was emotionally distraught when asked to describe" the sexual acts that were forced on her. (*Id.* ¶ 18). She could not be calmed down enough to testify, and therefore the decision was made that the case "would be *nolle prossed* since without the victim's testimony the case could not proceed." (*Id.*).

IV.   *Discussion*

At the outset, we note Plaintiff has not opposed Defendants' motion. Nonetheless, we may only grant it if it is meritorious. *See Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).[2] Still, Plaintiff's failure to

---

[2] In *Anchorage Assoc.*, the Third Circuit was examining an earlier version of Rule 56, but that case's reasoning applies to the current version of the Rule as well since the Rule allows entry of summary judgment if the movant shows he is "entitled to it," Rule 56(e)(3), meaning "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The commentary to the 2010

oppose the motion does affect our resolution of it because in the absence of any opposition from Plaintiff, as indicated by *Smith*, *supra*, we will be accepting Defendants' statement of undisputed material facts as true, although at times we will be citing to the evidentiary record.

   A.   *Defendants Are Entitled to Summary Judgment
         on Plaintiff's Federal Claims*

In her complaint, Plaintiff alleges Defendants violated her rights under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments.  (Doc. 1, Compl. ¶ 1). However, we agree with Defendants that her case is properly analyzed only as presenting claims under the Fourth Amendment for false arrest and malicious prosecution.

Defendants move for summary judgment, arguing that the record does not support a false arrest claim or a malicious prosecution claim because both claims require Plaintiff to show an absence of probable cause and the record here shows there was probable cause for the arrest and prosecution.  In support, they argue the reports on the investigation, including the complaining witness's statement naming Plaintiff as a perpetrator, establish probable cause.  They also rely on the decisions of the magisterial district judges approving the arrest warrant and the search warrant and holding Plaintiff over for trial after a preliminary hearing.

Lack of probable cause is an essential element of a federal false arrest claim, *James v. City of Wilkes-Barre*, 700 F.3d 675,680 (3d Cir. 2012)(setting forth the

---

Amendments to Rule 56 addressing subdivision (e) also observes that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion . . . ."

elements of a false arrest claim), and of a federal malicious prosecution claim.  *See*

*Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007)(setting forth the elements of the

claim).  Hence, if there was probable cause for the arrest and prosecution of Plaintiff, it

would be dispositive of Plaintiff's lawsuit.

       "Probable cause exists whenever reasonably trustworthy information or

circumstances within an arresting officer's knowledge are sufficient to warrant a person

of reasonable caution to conclude that an offense has been or is being committed by the

person being arrested."  *United States v. Laville*, 480 F.3d 187, 194 (3d Cir. 2007).

Probable cause is determined by the facts and circumstances within the officer's

knowledge at the time of the arrest.  *Id.*  Applying this test in the circumstances here, we

conclude probable cause existed for the reason that the complaining witnesses stated

Plaintiff had committed a sexual offense against her.  The investigating officer can rely

on information supplied by a complaining witness, as long as the officer does not know

about "substantial evidence of the witness's own unreliability."  *Wilson v. Russo,* 212

F.3d 781, 790 (3d Cir. 2000).  In this case, Plaintiff presents no evidence at the

summary judgment stage that the complaining witness was unreliable or that if she was,

Defendants knew she was an unreliable witness.  In this regard, the record shows that

Defendants discussed all of the relevant information uncovered before making the

decision to pursue charges against Plaintiff, including the complaining witness's

credibility given her admitted drug use and various emotional issues.

       As further support for our conclusion, since Plaintiff provides us with no

reasons to the contrary, we agree with Defendants that the decision of the magisterial

district judge to hold her over for trial after a preliminary hearing is "weighty evidence"

that probable cause existed.  *See Brandt v. Borough of Palmayra*, No. 08-CV-677, 2009 U.S. Dist. Lexis 27160, at *10-11 (M.D. Pa. Mar. 30, 2009).

Because Plaintiff has not shown that the arrest and prosecution were conducted without probable cause, summary judgment will be granted Defendants on the federal claims.

B. *Defendants are Entitled to Summary Judgment on Plaintiff's Pennsylvania Constitutional Claims*

Plaintiff claims that Defendants violated her rights under sections 1, 8, 9, 10 and 13 of Article I of the Pennsylvania Constitution.  (Doc. 1 Compl. ¶ 1).  As noted above, she seeks only damages.  Defendants correctly assert that any claim under the Pennsylvania Constitution fails because Pennsylvania does not recognize actions for money damages for violations of the state constitution. (Doc. 14 at 16). *See Colvin v. Mikolic,* No. 4:10–CV–1820, 2011 WL 1329188, at *6 n.3 (M.D. Pa. Apr. 5, 2011)(citing *R.H.S. v. Allegheny Cnty. Dept. of Human Servs.,* 936 A.2d 1218, 1226 (Pa. Commw. Ct. 2007)).

Summary judgment will therefore be entered in favor of Defendants on the state constitutional claims as well.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 30, 2015